Kevin T. Lafky, OSB#852633
klafky@lafky.com
Amanda L. Reilly, OSB#194422
areilly@lafky.com
Lafky & Lafky
429 Court St. NE
Salem, OR 97301
Telephone: (503) 585-2450
Facsimile: (503) 585-0205
Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASSOCIATION OF OREGON CORRECTIONS EMPLOYEES, ERIC ZEHNER, MELANIE MCPHERSON, LEVI BLACHLY, RODNEY MOORE, ALLEN MILLER, KAYLA MARTIN, and ANTHONY PERKINS,<br><br>             Plaintiffs,<br><br>   v.<br><br>STATE OF OREGON, OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES, OREGON DEPARTMENT OF CORRECTIONS, OREGON CORRECTIONS ENTERPRISES, KATE BROWN, in her official capacity, KATY COBA, in her official capacity, COLETTE PETERS, in her official capacity, and JOSHUA COOK, in his official capacity,<br><br>             Defendants. | Case No. 6:21-cv-1485<br><br>COMPLAINT - CONTRACTS CLAUSE, DUE PROCESS CLAUSE, NATIONAL LABOR RELATIONS ACT, DECLARATORY JUDGMENT, INJUNCTIVE RELIEF<br><br>Claim Not Subject to Mandatory Arbitration<br><br>Jury Trial Requested<br><br>Prayer for Relief: Equitable Relief |

Plaintiffs, the Association of Oregon Corrections Employees, Eric Zehner, Melanie

McPherson, Levi Blachly, Rodney Moore, Allen Miller, Kayla Martin, and Anthony Perkins, by

and through their counsel Lafky & Lafky, allege the following at all material times herein:

**PAGE 1 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email Info@lafky.com

## JURISDICTION AND VENUE

1.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Constitution and laws of the United States, specifically Article 1, Section 10, Clause 1 of the United States Constitution, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and 29 U.S.C. § 151 et seq.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district and all of the defendants are headquartered in this judicial district.

## TORT CLAIMS NOTICE

3.

Plaintiffs have satisfied the Federal Tort Claims Act requirements by sending, through certified mail, a tort claims notice to the Oregon Department of Administrative Services via certified mail and commencing this action within 180 days after the alleged loss or injury.

## REQUEST FOR JURY TRIAL

4.

Plaintiffs request a jury trial in this matter.

## PARTIES

5.

The Association of Oregon Corrections Employees ("AOCE") is a labor organization as defined by Section 2 of the  National Labor Relations Act, 29 U.S.C. § 152(5), and is

**PAGE 2 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

headquartered in Marion County, Oregon.  AOCE brings this lawsuit in its representational

capacity on behalf of the employees it represents. AOCE is the exclusive certified bargaining

representative for state employees working within the Oregon Department of Corrections

("DOC") located at the Oregon State Penitentiary, the South Fork Forest Camp, and the

Correctional Officers, Correctional Corporals and Correctional Sergeants at Oregon State

Correctional Institution.  AOCE is also the exclusive certified bargaining representative for

Oregon Corrections Enterprises ("OCE") employees, excluding supervisory, confidential,

managerial, temporary and casual employees.

6.

Plaintiff Eric Zehner ("Zehner") is employed by OCE under DOC as a Production

Coordinator.  Zehner has worked for OCE/DOC for twenty-six (26) years and is stationed at the

Oregon State Penitentiary ("OSP"), in Salem, Oregon.  Zehner has not filed a request for an

exception.  Zehner is a member of AOCE.

7.

Plaintiff Melanie McPherson ("McPherson") is employed by DOC as a Supply Specialist.

McPherson has worked for DOC for eighteen (18) years and is stationed at OSP.  McPherson has

not filed a request for an exception.  McPherson is a member of AOCE.

8.

Plaintiff Levi Blachly ("Blachly") is employed by DOC as a Correctional Officer.

Blachly has worked for DOC for seventeen (17) years and is stationed at OSP.  Blachly has not

filed a request for an exception.  Blachly is a member of AOCE.

9.

Plaintiff Rodney Moore ("Moore") is employed by OCE under DOC as a Production

**PAGE 3 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

Coordinator. Moore has worked for OCE/DOC for fourteen (14) years and is stationed at OSP.

Moore has not filed a request for an exception. Moore is a member of AOCE.

10.

Plaintiff Allen Miller ("Miller") is employed by DOC as a Facility Maintenance

Specialist. Miller has worked for DOC for eight (8) years and is stationed at OSP. Miller has not

filed a request for an exception. Miller is a member of AOCE.

11.

Plaintiff Kayla Martin ("Martin") is employed by DOC as a Correctional Counselor.

Martin has worked for DOC for three (3) years and is stationed at South Fork Forest Camp.

Martin has not filed a request for an exception. Martin is a member of AOCE.

12.

Plaintiff Anthony Perkins ("Perkins") is employed by DOC as an Electrician 2. Perkins

has worked for DOC for one (1) year and is stationed at OSP. Perkins has not filed a request for

an exception. Perkins is a member of AOCE.

13.

The named plaintiffs are collectively referred to as "Plaintiffs" unless otherwise specified.

14.

Defendant State of Oregon employs Plaintiffs and all other similarly situated classified

staff represented by AOCE.

15.

Defendant Oregon Department of Administrative Services ("DAS") is an Oregon State

Agency duly organized and existing under the laws of the State of Oregon and is headquartered

in Marion County, Oregon. DAS is the designated bargaining representative for all state

**PAGE 4 - COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

agencies within the executive department.

16.

Defendant DOC is an Oregon State Agency duly organized and existing under the laws of the State of Oregon and is headquartered in Marion County, Oregon.  DOC employees are Executive Branch employees.

17.

Defendant OCE is a semi-independent Oregon State Agency established pursuant to and existing under the laws of the State of Oregon.  OCE is headquartered in Marion County, Oregon.

18.

Defendant Kate Brown ("Governor Brown") is the Governor of the State of Oregon and is named in her official capacity only.

19.

Defendant Katy Coba  ("Coba") is the State Chief Operating Officer and DAS Director and is named in her official capacity only.

20.

Defendant Colette Peters ("Peters") is the Director of DOC and is named in her official capacity only.

21.

Defendant Joshua Cook ("Cook") is the Administrator of OCE and is named in his official capacity only.

22.

The named defendants are collectively referred to as "Defendants" unless otherwise specified.

**PAGE 5 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

## FACTUAL ALLEGATIONS

23.

AOCE and DAS, on behalf of DOC, have a Collective Bargaining Agreement ("CBA"), effective December 20, 2019, that is the sole and complete agreement between the parties and is subject to the provisions of the National Labor Relations Act 29 U.S.C. § 151 et seq. ("NLRA"). Relevant excerpts from the CBA between AOCE and DAS is attached hereto as Exhibit A.

24.

AOCE and OCE have a CBA, effective December 14, 2020, that is the sole and complete agreement between the parties and is subject to the provisions of the NLRA. Relevant excerpts from the CBA between AOCE and OCE is attached hereto as Exhibit B.

25.

On March 8, 2020, Governor Brown issued Executive Order No. 20-03 ("EO 20-03") and declared a state of emergency due to COVID-19. Over the next fifteen months, Governor Brown issued over thirty additional executive orders placing a number of restrictions on Oregon citizens to prevent the spread of COVID-19.

26.

On June 25, 2021, Governor Brown issued Executive Order No. 21-15 rescinding all COVID-19 restrictions, but extending EO 20-03 until December 31, 2021. On September 23, 2021, Defendant Cobra sent an email to all Executive Branch employees notifying them that all state offices will reopen on January 1, 2022, the day after EO 20-03 and the current state of emergency is set to expire.

27.

On August 10, 2021, Governor Brown held a press conference and announced that all

**PAGE 6 - COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

Executive Branch employees would be required to be fully vaccinated by October 18, 2021, or six weeks after a COVID -19 vaccine received full approval from the United States Food and Drug Administration ("FDA"), whichever was later.  No official notice regarding the vaccine mandate had been provided to AOCE prior to this announcement.

28.

On August 11, 2021, AOCE sent DAS a Demand-to-Bargain over the vaccine mandate as a condition of employment.  AOCE notified DAS that the executive order would change a fundamental term of continued employment and was thus was a mandatory subject of bargaining.

29.

On August 11, 2021, Defendant Peters and Heidi Steward, DOC Deputy Director, sent an email to all DOC employees regarding Governor Brown's vaccine mandate.  Defendant Peters and Ms. Steward threatened "[i]f a DOC employee chooses to remain unvaccinated, the consequences are stark - they will be subject to progressive discipline which, without compliance, will lead to termination from DOC."

30.

On August 13, 2021, Governor Brown issued Executive Order 21-29 ("EO 21-29"), entitled "COVID-19 Vaccination Requirement for State Executive Branch."  A true and accurate copy is attached hereto as Exhibit C.  No official notice regarding the vaccine mandate had been provided to AOCE prior to EO 21-29.

31.

EO 21-29 provides that any person employed by the Executive Branch, including Plaintiffs and other similarly situated AOCE employees, must provide their employer with proof of full vaccination on or before October 18, 2021, or six weeks after the date the U.S. Food and

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

Drug Administration ("FDA") approves a vaccination against COVID-19, whichever is later.

32.

On August 23, 2021, the FDA approved the Comirnaty COVID-19 Vaccine, previously known as Pfizer-BioTech COVID-19 Vaccine, for the prevention of COVID-19, cementing October 18, 2021 as the deadline for Executive Branch employees to be fully vaccinated. The FDA has issued an emergency use authorization for the Moderna COVID-19 Vaccine and the Janssen COVID-19 Vaccine, but neither vaccine has been approved.  The FDA has not approved or issued an emergency use authorization for any other vaccine for COVID-19 prevention.

33.

EO 21-29 provides a narrow exception "for individuals unable to be vaccinated due to disability, qualifying medical condition, or a sincerely held religious belief."

34.

Employees who fail to provide their employer with proof of full vaccination or submit a written request for an exception is prohibited from engaging in work for the Executive Branch after October 18, 2021 and will be subject to "personnel consequences up to and including separation from employment."

35.

On August 25, 2021, DAS issued State HR Policy Number 50.000.03 entitled "COVID-19 Vaccination Requirements" ("DAS Policy 50.000.05").  A true and accurate copy is attached hereto as Exhibit D.  Like EO 21-29, DAS Policy 50.000.02 requires all Executive Branch Employees, including Plaintiffs and other similarly situated AOCE employees, to be fully vaccinated against COVID-19 by October 18, 2021.  Employees who are not fully vaccinated or who have not submitted a request for an exception by October 18, 2021 will face "personnel

**PAGE 8 - COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

consequences up to and including separation of employment."

36.

On August 27, 2021, OCE released OCE Policy 06.06.09, entitled "COVID-19

Vaccination Requirements."  A true and accurate copy is attached hereto as Exhibit E.  No

official notice regarding the vaccine mandate had been provided to AOCE prior to OCE Policy

06.06.09.

37.

OCE Policy 06.06.09 requires all OCE employees to be fully vaccinated against

COVID-19 by October 18, 2021.  Employees who are not fully vaccinated or who have not

submitted a request for an exception by October 18, 2021 will face "personnel consequences up

to and including separation of employment."

38.

On August 30, 2021, AOCE sent OCE a Demand-to-Bargain over the vaccine mandate as

a condition of employment.  AOCE notified OCE that OCE Policy 06.06.09 changed a

fundamental term of continued employment and was thus was a mandatory subject of bargaining.

39.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 define "fully vaccinated" as

having "received both doses of a two-dose COVID-19 vaccine or one dose of a single-dose

COVID-19 vaccine and at least 14 days have passed since that individual's final dose of

COVID-19 vaccine."  Thus, to comply with these vaccine mandates, an employee who wishes to

receive an FDA approved COVID-19 vaccine must have received their first dose no later than

September 13, 2021 and must have received their second dose no later than October 4, 2021.

/////

**PAGE 9 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

40.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 concern and impact the

terms and conditions of Plaintiffs' and other similarly situated AOCE members' employment.

Plaintiffs and other similarly situated AOCE members are in imminent danger of being

wrongfully terminated if they are not fully vaccinated or do not file a medical or religious

exception by October 18, 2021.  Additionally, AOCE members have not received any guidance

or explanations as to what reasonable accommodations may be afforded to them if they qualify

for an exception.

41.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 substantially impairs the

provisions of AOCE's CBA with DAS, on behalf of DOC, and OCE by effectively excusing

DAS and OCE from fulfilling their contractual obligations to notify AOCE of a rule or policy

that substantively changes a mandatory subject of bargaining and to engage in good faith

bargaining with regard to mandatory subjects of bargaining, specifically the terms and conditions

of employment.

42.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 provide no alternatives to

the vaccine mandate, such as regular on-site testing, or exceptions for individuals who have

already contracted COVID-19 and have tested positive for COVID-19 antibodies.

43.

Plaintiffs and other similarly situated AOCE members will suffer irreparable harm if they

are wrongfully terminated for refusing the COVID-19 vaccine or if they choose to compromise

their personal belief systems in order to maintain their employment.

**PAGE 10 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

**FIRST CAUSE OF ACTION - 42 U.S.C. § 1983**

**Violation of Article 1, Section 10, Clause 1 of the United States Constitution**

**(Against Governor Kate Brown, Colette Peters, Katy Coba, and Joshua Cook)**

44.

Plaintiffs incorporate and re-allege paragraphs 1 through 43 above.

45.

42 U.S.C. § 1983 prohibits any State from depriving any citizen of the United States of any of the "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

46.

Article I, Section 10, Clause 1 of the United States Constitution provides that no law shall ever be passed that impairs the obligation of contracts.

47.

Article 1, Section 5 (B) of the CBA between AOCE and DAS, on behalf of DOC, provides "the Department will not substantively change a mandatory subject of bargaining in a rule or policy without first notifying the Association."  Additionally, under the CBA, DAS has a duty to engage in good faith bargaining with AOCE with regard to mandatory subjects of bargaining including wages, hours, and other terms and conditions of employment and the negotiation of any question arising under a CBA.

48.

Article 1, Section 5 of the CBA between AOCE and OCE provides that OCE will give notice to AOCE should OCE wish to change a policy, procedure, management directive, or rule which directly relate to mandatory subjects of bargaining.  Additionally, under the CBA, OCE

**PAGE 11 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

has a duty to engage in good faith bargaining with AOCE with regard to mandatory subjects of

bargaining including wages, hours, and other terms and conditions of employment and the

negotiation of any question arising under a CBA.

49.

EO 21-29 substantially impairs the provisions of AOCE's CBAs with DAS and OCE by

effectively excusing DAS and OCE from fulfilling their contractual obligations to notify AOCE

of a rule or policy that substantively changes a mandatory subject of bargaining and to engage in

good faith bargaining with regard to mandatory subjects of bargaining, specifically the terms and

conditions of employment.

50.

DAS Policy 50.000.03 substantially impairs the provisions of AOCE's CBA with DAS

by effectively excusing DAS from fulfilling its contractual obligations to notify AOCE of a rule

or policy that substantively changes a mandatory subject of bargaining and to engage in good

faith bargaining with regard to mandatory subjects of bargaining, specifically the terms and

conditions of employment.

51.

OCE Policy 06.06.09 substantially impairs the provisions of AOCE's CBA with OCE by

effectively excusing OCE from fulfilling its contractual obligations to notify AOCE of a rule or

policy that substantively changes a mandatory subject of bargaining and to engage in good faith

bargaining with regard to mandatory subjects of bargaining, specifically the terms and conditions

of employment.

52.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 are formal government

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

policies that have been promulgated, adopted or ratified by the State of Oregon, DAS, DOC, and OCE.

53.

Governor Brown enacted EO 21-29 by and through her own individual actions as the final decision-maker.

54.

Defendant Coba enacted DAS Policy 50.000.03 by and through her own individual actions as the final decision-maker.

55.

Defendant Peters enforced EO 21-29 and DAS Policy 50.000.03 by and through her own individual actions as the final decision-maker.

56.

Defendant Cook enacted and enforced OCE Policy 06.06.09 by and through his own individual actions as the final decision-maker.

57.

By enacting and/or enforcing EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09, Defendants Governor Brown, Coba, Peters, and Cook, in their individual capacities, Plaintiffs and other similarly situated AOCE members of their constitutionally protected right to freely contract without government impairment.

58.

Plaintiffs request equitable relief in the form of declaratory judgment and injunctive relief as set forth in more particularity below, along with reasonable attorney fees, expert witness fees, costs, and interest pursuant to 42 U.S.C. §1988.

**PAGE 13 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

**SECOND CAUSE OF ACTION - 42 U.S.C. § 1983**

**Violation of the Fourteenth Amendment to the United States Constitution**

**Right to Pursue an Occupation of One's Choice and Refuse Unwanted Medical Treatment**

**(Against Governor Kate Brown, Colette Peters, Katy Coba, and Joshua Cook)**

59.

Plaintiffs incorporate and re-allege paragraphs 1 through 58 above.

60.

42 U.S.C. § 1983 prohibits any State from depriving any citizen of the United States of any of the "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

61.

The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law."   The substantive component of the Due Process Clause forbids the government from interfering with rights implicit in the concept of liberty.

62.

The substantive component of the Due Process Clause forbids the government from interfering with an individual's right to pursue an occupation of one's choice.

63.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 interfere with Plaintiffs' and other similarly situated AOCE members' liberty interests because, if they are not fully vaccinated or submit a written request for an exception by October 18, 2021, their employment will be terminated and they will be prohibited from engaging in work for the Executive Branch.  This

**PAGE 14 - COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

conduct so severely stigmatizing that Plaintiffs and other similarly situated AOCE employees will not be able to avail themselves of other employment opportunities within their chosen industry.

64.

The substantive component of the Due Process Clause forbids the government from interfering with an individual's right to personal autonomy, bodily integrity, self-dignity, and self-determination, which includes an individual's right to refuse unwanted medical treatment.

65.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 interfere with Plaintiffs' and other similarly situated AOCE members' privacy interests by forcing them to receive unwanted medical treatment without affording any alternative options, such as regular on-site testing.

66.

Defendants' vaccine mandates do not have a substantial relation to the public health, safety, morals, or general welfare in light of the fact that Governor Brown has withdrawn all other COVID-19 restrictions, the state of emergency will lift on December 31, 2021, DAS has announced that all state offices will reopen by January 1, 2022, only two months after the vaccine mandate deadline, and according to the Oregon Health Authority, there has been a steady decrease in the number of confirmed and presumptive COVID-19 cases and deaths in Oregon.

67.

There are other reasonable, effective alternatives, such as regular on-site testing, that would equally satisfy any public health, safety, morals, or general welfare concerns without violating Plaintiffs' and other similarly situated AOCE members' constitutional rights.

68.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 are formal government

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

policies that have been promulgated, adopted or ratified by the State of Oregon, DAS, DOC, and OCE.

69.

Governor Brown enacted EO 21-29 by and through her own individual actions as the final decision-maker.

70.

Defendant Coba enacted DAS Policy 50.000.03 by and through her own individual actions as the final decision-maker.

71.

Defendant Peters enforced EO 21-29 and DAS Policy 50.000.03 by and through her own individual actions as the final decision-maker,

72.

Defendant Cook enacted and enforced OCE Policy 06.06.09 by and through his own individual actions as the final decision-maker.

73.

By enacting and enforcing OCE Policy 06.06.09, Defendant Cook, through his own individual actions as the final decision-maker.

74.

By enacting and/or enforcing EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09, Defendants Governor Brown, Coba, Peters, and Cook, in their individual capacities, deprived Plaintiffs and other similarly situated AOCE members of their constitutionally protected liberty interests in pursuing an occupation of their choice and refusing unwanted medical treatment.

/////

**PAGE 16 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

75.

Plaintiffs request equitable relief in the form of declaratory judgment and injunctive relief as set forth in more particularity below, along with reasonable attorney fees, expert witness fees, costs, and interest pursuant to 42 U.S.C. §1988.

**THIRD CAUSE OF ACTION - 29 U.S.C. § 158**

**Violation of the National Labor Relations Act, 29 U.S.C. § 151 et seq.**

**(Against State of Oregon, DAS, DOC, and OCE)**

76.

Plaintiffs incorporate and re-allege paragraphs 1 through 75 above.

77.

29 U.S.C § 158 (a) (5) provides that it is an unfair labor practice for an employer to refuse to bargain collectively with the labor organization.

78.

29 U.S.C § 158 (d) imposes an affirmative obligation on the employer to bargain collectively in good faith with the labor organization with respect to wages, hours, and other terms and conditions of employment.

79.

The duty to collectively bargain means that the employer may not modify the CBA unless the employer serves written notice on the labor organization sixty days before the proposed modification takes effect and offers to meet and confer with the labor organization to negotiate the proposed modifications.

80.

DAS, on behalf of DOC, and OCE violated 29 U.S.C § 158 because they refused to bargain

**PAGE 17 - COMPLAINT**

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

collectively in good faith with AOCE before issuing DAS Policy 50.000.03 and OCE Policy

06.06.09, which substantially modify their respective CBAs with AOCE.  DAS and OCE did not

notify AOCE of the proposed modifications at least sixty days in advance and did not offer to meet

and confer with AOCE to negotiate the proposed modifications.

81.

Plaintiffs request equitable relief in the form of declaratory judgment and injunctive relief

as set forth in more particularity below.

**FOURTH CAUSE OF ACTION - DECLARATORY RELIEF**

**(Against all Defendants)**

82.

Plaintiffs incorporate and re-allege paragraphs 1 through 81 above.

83.

Pursuant to 28 U.S.C § 2201, Plaintiffs seek a declaration from the Court that EO 21-29,

DAS Policy 50.000.03, and OCE Policy 06.06.09 are unconstitutional and thus are null and void.

84.

There is an actual and justiciable controversy between Plaintiffs and Defendants inasmuch

as Defendants violated Plaintiffs' constitutional and statutory rights as described in more detail

above.  The declaratory relief sought would clarify and settle a substantial and import question

currently dividing the parties.

85.

The public interest and welfare will be served by preserving and protecting Plaintiffs' and

other similarly situated AOCE members' constitutional and statutory rights.  Additionally, the

public interest and welfare will be served by promoting judicial economy and avoiding duplicative

**PAGE 18 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

litigation and inconsistent rulings as a large number of Executive Branch employees who are

terminated under the vaccine mandate will likely file suit for wrongful termination, breach of

contract, violation of due process, and other potential claims.

86.

If EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 are enforced, it is estimated

that at least 20% of all DOC and OCE employees will resign or be terminated.  This sudden and

drastic drop in DOC and OCE employees would pose a significant safety threat to correctional

officers and inmates and would likely result in the suspension of visitation services and

non-critical, non-emergent Adults in Custody services, such as visitations, phone calls, wellness

and rehabilitation programs, and reintegration programs.

## FIFTH CAUSE OF ACTION - INJUNCTIVE RELIEF

### (Against all Defendants)

87.

Plaintiffs incorporate and re-allege paragraphs 1 through 86 above.

88.

Plaintiffs and other similarly situated AOCE members will be irreparably harmed if

Defendants are allowed to proceed with the vaccine mandates as described above in more detail.

89.

EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 do not provide for any other

reasonable, effective alternative, such as regular on-site testing, that would equally satisfy any

public health, safety, morals, or general welfare concerns without violating Plaintiffs' and other

similarly situated AOCE members' constitutional rights.

/////

**PAGE 19 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

90.

Moreover, Governor Brown has already withdrawn all other COVID-19 restrictions, the state of emergency will lift on December 31, 2021, DAS has announced that all state offices will reopen by January 1, 2022, only two months after the vaccine mandate deadline, and according to the Oregon Health Authority, there has been a steady decrease in the number of confirmed and presumptive COVID-19 cases and deaths in Oregon.

91.

Plaintiffs are without any other plain, speedy, or adequate remedy at law. Unless the status quo is maintained, Plaintiffs and other similarly situated AOCE employees will be deprived of any meaningful remedy and suffer irreparable harm.

92.

For these reasons, Defendants should be preliminarily enjoined from giving effect to or otherwise implementing EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 during the pendency of these proceedings and permanently enjoined thereafter.

93.

The public will not be harmed by this Court granting the injunctive relief requested, but rather, the greater public interest and welfare will be served by preserving and protecting their constitutional and statutory rights. Additionally, the public interest and welfare will be served by promoting judicial economy and avoiding duplicative litigation and inconsistent rulings as a large number of Executive Branch employees who are terminated under the vaccine mandate will likely file suit for wrongful termination, breach of contract, violation of due process, and other potential claims.

/////

**PAGE 20 - COMPLAINT**

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com

94.

If EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 are enforced, it is estimated that at least 20% of all DOC and OCE employees will resign or be terminated.  This sudden and drastic drop in DOC and OCE employees would pose a significant safety threat to correctional officers and inmates and would likely result in the suspension of visitation services and non-critical, non-emergent Adults in Custody services, such as visitations, phone calls, wellness and rehabilitation programs, and reintegration programs.

WHEREFORE, Plaintiff requests the following for her claims for relief:

1.      A declaration that EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09 are unconditional and thus are null and void;

2.      Injunctive relief precluding Defendants from giving effect to or otherwise implementing EO 21-29, DAS Policy 50.000.03, and OCE Policy 06.06.09;

3.      Reasonable attorney fees, expert witness fees, costs, and interest pursuant to 42 U.S.C. §1988;

4.      Costs and disbursements incurred in this matter; and

5.      Any other relief this Court deems just and equitable.

DATED this 9th day of October, 2021.

/s/ Kevin T. Lafky
Kevin T. Lafky, OSB#852633
klafky@lafky.com
Amanda L. Reilly, OSB#194422
areilly@lafky.com
LAFKY & LAFKY
429 Court St. NE
Salem, OR 97301
Tel. (503) 585-2450
Of Attorneys for Plaintiffs

**LAFKY & LAFKY**
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450
FAX (503) 585-0205
Email lnfo@lafky.com