UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASSOCIATION OF OREGON CORRECTIONS EMPLOYEES; ERIC ZEHNER; MELANIE MCPHERSON; LEVI BLACHLY; RODNEY MOORE; ALLEN MILLER; KAYLA MARTIN; and ANTHONY PERKINS, | Case No. 6:21-cv-01485-MK<br>**OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| STATE OF OREGON; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; OREGON DEPARTMENT OF CORRECTIONS; OREGON CORRECTIONS ENTERPRISES; KATE BROWN, in her official capacity; KATY COBA, in her official capacity; COLETTE PETERS, in her official capacity; and JOSHUA COOK, in his official capacity, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Page 1 — OPINION AND ORDER

The Association of Oregon Corrections Employees ("AOCE"), Eric Zehner, Melanie McPherson, Levi Blachly, Rodney Moore, Allen Miller, Kayla Martin, and Anthony Perkins (collectively, "Plaintiffs") assert two causes of action under 42 U.S.C. § 1983 against the State of Oregon, Oregon Department of Administrative Services, Oregon Department of Corrections, Oregon Corrections Enterprises, Kate Brown, Katy Coba, Colette Peters, and Joshua Cook (collectively, "Defendants"): (1) a claim for violation of Article 1, Section 10, Clause 1 of the United States Constitution; and (2) a claim for violation of the Fourteenth Amendment. Compl. ¶¶ 44–81, ECF No. 1.[1] Plaintiffs seek declaratory and injunctive relief. *Id.* ¶¶ 82–94. Defendants move to dismiss all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defs.' Mot. Dismiss, ECF No. 10 ("Defs.' Mot."); Defs.' Mot. Dismiss, ECF No. 24 ("Defs.' Mot."). All parties have consented to jurisdiction by a U.S. Magistrate Judge. *See* ECF No. 14. For the reasons that follow, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) is GRANTED.

## BACKGROUND

The following facts are taken from Plaintiffs' Complaint and are accepted as true for the purpose of the pending motions. *See* Compl., ECF No. 1.

The Association of Oregon Corrections Employees ("AOCE") is a labor organization headquartered in Marion County, Oregon. *Id.* ¶ 5. Plaintiffs Zehner, McPherson, Blachly, Moore, Miller, Martin, and Perkins are members of AOCE employed by the Oregon Department of Corrections ("ODOC") and Oregon Corrections Enterprises ("OCE"). *Id.* ¶¶ 6–12.

AOCE and the Department of Administrative Services ("DAS"), on behalf of ODOC, have a Collective Bargaining Agreement ("CBA") effective December 20, 2019. *Id.* ¶ 23. AOCE and OCE also have a CBA effective December 14, 2020. *Id.* ¶ 24.

---

[1] Plaintiffs withdrew their third cause of action under the National Labor Relations Act, 29 U.S.C. § 151 *et seq. See* ECF No. 9.

On March 8, 2020, Governor Kate Brown issued Executive Order No. 20-03 ("EO 20-03") and declared a state of emergency due to the Covid-19 pandemic. *Id.* ¶ 25.

On August 13, 2021, Governor Brown issued Executive Order 21-29 ("EO 21-29"), titled "COVID-19 Vaccination Requirement for State Executive Branch." *Id.* ¶ 30. EO 21-29 required Executive Branch employees to either provide their employer with proof of vaccination showing they were fully vaccinated or submit a written request for an exception. *Id.*, Ex. C at 4. An exception existed for employees "unable to be vaccinated due to disability, qualifying medical condition, or a sincerely held religious belief." *Id.* at 5. Employees who failed to comply with EO 21-29 would "face personnel consequences up to and including separation from employment." *Id.*

On August 25, 2021, DAS issued State HR Policy Number 50.000.03 titled "COVID-19 Vaccination Requirements" (hereinafter "DAS Policy"). Referencing EO 21-29, the DAS Policy required employees to provide proof of full vaccination or submit a written request for an exception. *Id.*, Ex. D at 1–2. Employees who failed to comply with the DAS Policy would "face personnel consequences up to and including separation from employment." *Id.*

On August 27, 2021, OCE issued OCE Policy 06.06.09 titled "COVID-19 Vaccination Requirements" (hereinafter "OCE Policy"). *Id.*, Ex. E at 1. Referencing both EO 21-29 and the DAS Policy, the OCE Policy required employees to provide proof of full vaccination or submit a written request for an exception. *Id.* at 1–2. Employees who failed to comply with the OCE Policy would "face personnel consequences up to and including separation from employment." *Id.*

On March 17, 2022, Governor Brown issued Executive Order 22-03, which rescinded EO 21-29 effective April 1, 2022. Defs.' Mot. 3, ECF No. 24. The DAS Policy was also rescinded at

that time because the DAS Policy "was created under the authority of and in order to implement EO 21-29." Declaration of Carol Williams ¶ 3, ECF No. 34 ("Williams Decl."). On April 1, 2022, OCE stopped requesting vaccination status from new job applicants and hires, and stopped enforcing EO 21-29, the DAS Policy, and the OCE Policy. Declaration of Jennifer Starbuck ¶ 4, ECF No. 35 ("Starbuck Decl."). On May 27, 2022, OCE notified employees that the OCE Policy had been formally rescinded on April 1, 2022. *Id.*, Ex. 2.

## STANDARD OF REVIEW

### I.    Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g.*, *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

## II.     Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must

contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## DISCUSSION

Defendants argue that Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiffs' claims have become moot and are barred by the Eleventh Amendment. Defs.' Mot. 2, ECF No. 24. Defendants also argue that Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(6). Defs.' Mot. 2, ECF No. 10. For the reasons that follow, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) is GRANTED.

I. **Rule 12(b)(1)**

    A. **Mootness**

A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (citations omitted). The central question of a mootness challenge is "not whether the precise relief sought at the time the [action] was filed is still

available," but rather "whether there can be any effective relief." *West v. Secretary of Dep't of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) (quotation marks omitted). The party asserting mootness carries the "heavy burden" of demonstrating that the controversy is moot. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (quotation marks omitted).

Defendants argue that the case is moot because there is no longer a live controversy. Defs.' Mot. 5, ECF No. 24. Plaintiffs argue that the case is not moot because Plaintiffs continue to have a concrete interest in the outcome of the litigation and the Court can still grant effective relief by "allowing the parties to determine vaccination status requirements through their normal labor negotiations in their collective bargaining agreements." Pl.'s Resp. 6, ECF No. 30.

Here, it would be impossible to grant Plaintiffs any effective relief given that EO 21-29, the DAS Policy, and the OCE Policy are no longer in effect. The Court finds that the Governor's rescission of EO 21-29 and the subsequent rescissions of the DAS and OCE Policies render Plaintiffs' claims moot.

B.   **Exceptions**

There are exceptions to the general rule that a federal court is without subject matter jurisdiction to adjudicate a moot lawsuit. First, the "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). When a party voluntarily ceases the allegedly unlawful conduct, that party "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted). Second, an exception applies when there is a "reasonable expectation that the same complaining party will be subject to the same injury again" and "the injury suffered

must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." *Center for Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir. 2007) (quoting *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1509–10 (9th Cir. 1994)).

Plaintiffs argue that even if the case is moot, two exceptions should apply because: (1) Defendants voluntarily ceased the challenged practice, and (2) Plaintiffs will be subjected to the same action again based on the progression of the Covid-19 pandemic and Defendants' conduct is likely to evade review. Pl.'s Resp. 5–8, ECF No. 30.[2] Defendants argue neither exception is applicable. Defs.' Reply 2, ECF No. 33.

1. <u>Voluntary Cessation</u>

Here, the Court finds that the voluntary cessation exception does not apply. The Ninth Circuit "treat[s] the voluntary cessation of challenged conduct by government officials with more solicitude . . . than similar action by private parties." *Board of Trs. of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (en banc) (quoting *America Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)). The Ninth Circuit also "presume[s] the government is acting in good faith." *America Cargo*, 625 F.3d at 1180. In *Chambers*, the Ninth Circuit determined:

> [L]egislative actions should not be treated the same as voluntary cessation of challenged acts by a private party, and that we should assume that a legislative body is acting in good faith in repealing or amending a challenged legislative provision, or in allowing it to expire. Therefore, in determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot,

---

[2] Plaintiffs do not argue that they will suffer collateral legal consequences. *See* Pl.'s Resp. 5–8, ECF No. 30; *see also Public Utilities Comm'n of the State of Cal. v. Federal Energy Regulatory Comm'n*, 100 F.3d 1451, 1460 (9th Cir. 1996) (a mootness exception applies where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand").

>unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it.

941 F.3d at 1198. In Oregon, the Governor may declare an emergency that fits within the statutory definition, is limited in time, and is subject to being revoked by the legislature at any time. *See* ORS 401.025 (defining "emergency"); ORS 401.165 (granting the Governor authority to declare an emergency); ORS 401.204 (requiring termination of state of emergency "when the emergency no longer exists" and allowing legislature to terminate state of emergency "at any time by joint resolution," which is not subject to the Governor's veto). The Governor's executive orders have the effect of state law only when there is a declared emergency. *See* ORS 401.192. As such, the Court presumes the Governor acted in good faith and that the voluntary rescission of EO 21-29 and the subsequent rescissions of the DAS and OCE Policies render this action moot.

Additionally, even if subjected to the same treatment as a private party's voluntary cessation, the Governor's rescission of EO 21-29 still renders this action moot. Plaintiffs' assertion that they "will be subjected to the same action again" does not rise above mere speculation. Pl.'s Resp. 7, ECF No. 30. In rescinding EO 21-29 and terminating the Covid-19 state of emergency, Governor Brown explained that the State of Oregon was "in a position in which it can meet the challenges of COVID-19 using normal legislative and agency authorities and processes." Defs.' Mot., Ex. A at 3, ECF No. 24-1. Governor Brown also noted that "98 percent of the state workforce is in compliance with state requirements" regarding Covid-19 vaccination. *Id.* at 2. Defendants have thus met their burden of showing that EO 21-29 cannot reasonably be expected to recur or be reinstated. *See Friends of the Earth*, 528 U.S. at 189.

    2. <u>Capable of Repetition, yet Evading Review</u>

The Court also finds that the "capable of repetition, yet evading review" exception does not apply here. "That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)) (internal quotation marks and bracketing omitted). As explained, it is not reasonable to expect EO 21-29 to be reinstated. As such, Plaintiffs cannot show that Defendants' challenged actions are capable of repetition.

In sum, the Court finds that the case is moot and no exception applies. Accordingly, the Court need not reach the merits of Defendants' Rule 12(b)(6) motion to dismiss.

## CONCLUSION

For the reasons above, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) (ECF No. 24) is GRANTED. Plaintiffs' claims are dismissed with prejudice. Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 10) is DENIED as moot.

DATED this <u>9th</u> day of August 2022.

                                                             s/ Mustafa T. Kasubhai
                                                             MUSTAFA T. KASUBHAI (He / Him)
                                                             United States Magistrate Judge